UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD ANDERSON,

          Petitioner,

                                        CIVIL CASE NO. 06-11278
v.                                       HONORABLE PAUL V. GADOLA

BARRY MCCLEMORE,

          Respondent.
_____/

**ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Ronald Anderson has filed a *pro se* petition for writ of habeas corpus challenging his 1984 convictions on two counts of first-degree murder, three counts of assault with intent to commit murder, two counts of armed robbery, and possession of a firearm during the commission of a felony. In his pleadings, Petitioner raises claims alleging ineffective assistance of trial and appellate counsel, improper identification procedures, the presentation of false testimony, the improper denial of a continuance/admission of missing witness testimony, the improper admission of mugshots, and improper prosecutorial vouching.

This matter is before the Court on Respondent's October 5, 2006 motion for summary judgment seeking dismissal of the habeas petition as untimely. For the reasons set forth below, the Court grants Respondent's motion and dismisses the petition for writ of habeas corpus for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also

denies a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

Petitioner has also filed a motion to stay proceedings and a motion to strike, both filed on November 15, 2006. The Court denies both motions.

**I.      Facts and Procedural History**

Petitioner was convicted of two counts of first-degree murder, three counts of assault with intent to commit murder, two counts of armed robbery, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court. He was sentenced to concurrent terms of life imprisonment on each of the murder and armed robbery convictions, concurrent terms of 150 to 300 years imprisonment on each of the assault convictions, and to a consecutive term of two years imprisonment on the felony firearm conviction in 1984.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising claims challenging the bind-over decision and the sufficiency of the evidence to support his convictions. The Michigan Court of Appeals affirmed his convictions and sentence. *People v. Anderson*, No. 78084 (Mich. Ct. App. May 29, 1985). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Anderson*, No. 76706 (Mich. Dec. 4, 1985).

Petitioner also filed post-judgment motions for new trial and for relief from judgment with the trial court and pursued related appeals in the state appellate courts from 1986 to 1993, all of which ultimately denied him relief. *See* Petition, p. 2-4.

On December 16, 2003, Petitioner filed a second motion for relief from judgment in the trial court essentially raising the same claims as contained in the present habeas petition, which was denied on July 22, 2004. Petitioner then filed a delayed application for leave to appeal with the

Michigan Court of Appeals, which was denied. *People v. Anderson*, No. 259844 (Mich. Ct. App. June 24, 2005). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Anderson*, 474 Mich. 974, 707 N.W.2d 193 (Dec. 27, 2005).

Petitioner dated the present petition for writ of habeas corpus on March 22, 2006. Respondent filed the instant motion for summary judgment on October 5, 2006 asserting that the habeas petition should be dismissed as untimely. Petitioner has filed a reply to the motion asserting that his delay in filing was due to lost transcripts and legal materials and that the one-year period should be equitably tolled.

**II.      Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, governs the filing requirements for this case because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA establishes a one-year limitations period for the filing of federal habeas petitions. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's conviction became final before the AEDPA's April 24, 1996 effective date. Prisoners whose convictions became final prior to the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions. *See Abela v. Martin*, 348 F.3d 164, 167 (6th Cir. 2003). Accordingly, Petitioner was required to file his habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his (second) state court motion for relief from judgment until December 16, 2003. Thus, the one-year grace period had expired well before Petitioner sought state post-conviction or collateral review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's state post-conviction proceedings, instituted in 2003, did not toll the running of the statute of limitations. The AEDPA's limitations period is only tolled while a prisoner has a properly filed motion for post-conviction or collateral review under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not allege that his habeas claims are based upon newly-discovered facts or newly-recognized constitutional rights. Rather, he asserts that the state created an impediment to the filing of his habeas petition because his state criminal trial transcripts and other legal materials were lost and/or destroyed by prison officials in July 1996. Petitioner states that he attempted to recover these items through the administrative process from 1996 to 2000 and by filing a federal civil rights action in 2001. He also states that he attempted to obtain copies of his transcripts from the trial court in 2001 but could not pay the fees.

Petitioner has not established that the state created an impediment to the filing of his habeas petition in a timely manner. First, it is well-settled that a prisoner has no constitutional right to transcripts on collateral review of a conviction, *see United States v. MacCollom*, 426 U.S. 317 (1976), and that the lack of a transcript itself is not a circumstance which justifies equitable tolling of a period of limitation. *See Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. 2002). Second, Petitioner has not shown that the loss of his transcripts or other legal materials prevented him from timely seeking habeas review. *See Young v. Curtis*, 102 Fed. Appx. 444, 447 (6th Cir. 2004). For example, he could have filed a state post-conviction motion or federal habeas petition within the one-year grace period and then sought production of the missing documents. He could have also obtained copies of his transcripts or legal materials from another source within the one-year grace period. Moreover, Petitioner states that the trial court provided him with copies of his transcripts on July 6, 2005. Thus it appears that Petitioner was able to file his second state court motion for relief from judgment in 2003 despite the failure to recover his lost transcripts/legal materials. He has not explained why he was unable to take such action sooner or to otherwise proceed more diligently on his habeas claims. Tolling is

5

unwarranted under such circumstances. *See Williams v. Vasbinder*, No. 05-CV-74371-DT, 2006 WL 2123908, *4 (E.D. Mich. July 27, 2006).

The Court further notes that requests or motions for transcripts and other legal materials do not operate to toll the one-year period. *See Lloyd v. Vannatta*, 296 F.3d 630 (7th Cir. 2002); *Johnson v. Randle*, 28 Fed. Appx. 341, 343 (6th Cir. 2001); *Hodge v. Greiner*, 269 F.3d 104, 107 (2nd Cir. 2001) (noting that a prisoner has the option of filing a timely petition and then seeking discovery and amending the petition). Petitioner's administrative and judicial efforts to recover his legal materials and obtain transcripts thus did not operate to toll the one-year period. While Petitioner may have pursued various remedies to recover his lost property during the relevant time period, he did not diligently seek state post-conviction or federal habeas review. Petitioner's habeas action is therefore barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001). Generally, a litigant seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (assuming but not deciding that equitable tolling applies to federal habeas actions); *see also Jurado v. Burt*, 337 F.3d at 642; *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). In *Dunlap*, the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's

>rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008.

Petitioner has not set forth sufficient circumstances which caused him to institute his second state court post-conviction motion after the expiration of the one-year limitations period. Petitioner's inability to obtain or pay for copies of his legal documents is not an extraordinary circumstance which justifies equitable tolling. *See, e.g*, *Roland v. Motley*, No. 05-217-DLB, 2006 WL 2457936, *6 (E.D. Ky. Aug. 22, 2006) (citing cases). To the extent that Petitioner asserts that depression and anxiety over his lost property interfered with his ability to pursue post-conviction relief, he is also not entitled to equitable tolling. He has not shown that his condition was sufficiently severe so as to impede his efforts to seek habeas relief nor has he explained how his condition precluded him from pursing his rights in a timely fashion.

Additionally, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

The Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter*, *supra*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must

7

demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.  Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.  Petitioner has made no such showing.  Conclusory allegations of actual innocence do not justify equitable tolling. *See, e.g.*, *Weibley v. Kaiser*, 50 Fed. Appx. 399, 403 (10th Cir. 2002); *Elam v. Caroll*, 386 F. Supp. 2d 594 (D. Del. 2005).  Petitioner has failed to demonstrate that he is entitled to tolling of the one-year period.  His habeas petition is therefore untimely and subject to dismissal.

**III.    Conclusion**

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.  Respondent's motion for summary judgment will therefore be granted and the petition dismissed.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it

debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.* After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case. The Court will also deny Petitioner leave to proceed on appeal *in forma pauperis* because any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Petitioner has also filed a motion requesting the Court to stay proceedings in order to permit Petitioner to exhaust an argument with the state trial and appellate courts. Because Petitioner's habeas petition is time-barred due to AEDPA's one-year limitations period, the Court will deny Petitioner's request to stay the current habeas proceedings while he exhausts state court remedies.

In addition, Petitioner has filed a motion to strike certain pleadings. Because this case is being dismissed with prejudice, the Court will deny Petitioner's motion to strike as moot.

**ACCORDINGLY, IT IS ORDERED** that Respondent's motion for summary judgment [docket entry 17] is **GRANTED** and the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion to stay proceedings [docket entry

36] is **DENIED**.

IT IS FURTHER ORDERED that Petitioner's motion to strike [docket entry 37] is **DENIED**.

SO ORDERED.

Dated:  November 28, 2006                              s/Paul V. Gadola
                                                      HONORABLE PAUL V. GADOLA
                                                      UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  November 28, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:             Debra M. Gagliardi                                                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:          Ronald Anderson                               .

                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845